IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-647-JLK

DENISE MONTEITH,

    Plaintiff,
v.

THE UNITED STATES OF AMERICA,
TORREZ/BRYAN JOINT VENTURE, a Colorado limited liability company
RONALD LENZ, Individually, and
ADAMS EXCAVATING, INC., a Colorado corporation,

    Defendants.
_____

**ORDER ON DEFENDANT LENZ'S MOTION
FOR SUMMARY JUDGMENT**
_____

Kane, J.

    Plaintiff Denise Monteith brought this action against Defendant Ronald Lenz, the United States of America and others to recover for injuries she suffered when her family's vehicle struck two cows that had wandered onto a public highway. Lenz owned the cows, which had escaped with other cattle from pastures Lenz leased from the United States Air Force ("USAF") on the near-by Schreiver Air Force Base.

    Lenz moves for summary judgment on the three claims Monteith asserted against him. In response, Monteith argues that genuine issues of fact preclude entry of summary judgment on her negligence claim, and that she has properly stated a claim under the Colorado Premises Liability Act even though the injury occurred on a public highway. She concedes, however, that summary judgment should be entered in Lenz's favor on her

negligence per se claim, and summary judgment will therefore be entered on this claim as against Lenz only. Further, for the reasons stated below, I grant Lenz's motion for summary judgment on the Premises Liability Act claim, and deny it as to the negligence claim.

## Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, I view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Defendant Lenz, as the moving party, has the initial burden of showing the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. *Id*. If Lenz carries this burden, then the burden shifts to Monteith to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A genuine issue of material fact exists if a rational juror could decide the disputed allegations in the non-movant's favor based on the evidence presented, and the disputed fact might affect the outcome of the suit under the governing law. *See Schwarz v. Bhd. of Maint. of Way Employees*, 264 F.3d 1181, 1183 (10th Cir. 2001).

Background

Viewed in the light most favorable to Monteith, as the nonmoving party, the record establishes the following for purposes of Lenz's summary judgment motion:

Plaintiff was injured on the evening of July 4, 2004 when the family minivan driven by her husband struck two cows on Curtis Road, near the west entrance to Schreiver Air Force Base. The cows belonged to Lenz, and had strayed from a pasture that Lenz leased from the USAF. USAF land use regulations incorporated in Lenz's lease required Lenz to "make every effort to confine livestock within the leased premises at all times," (Pl.'s Ex. 2 ¶ 9,) and "at [his] own expense...repair and maintain fences, cattle guards, and gates in a livestock-tight condition." (Pl.'s Ex. 2 ¶ 11.) These regulations also required him to be available any time night or day to correct any emergency situations with regard to the lease, and to provide the Schriever AFB commander with current emergency telephone numbers.

It is undisputed that Lenz's habit and practice was to check and water his cattle every day. It was also his habit and practice to maintain all of his interior fences to prevent the escape of his cattle.[1] However, on multiple occasions Lenz had discovered gates left open on his leased pastures, and cattle had escaped from their pasture through these gates. When he discovered open gates, Lenz complained to USAF authorities.

---

[1] Monteith presented evidence that Lenz did not maintain all of his cattle guards in working condition, but Lenz testified that he had stretched barbed wire across the fence openings above the cattle guards so that cattle could not escape by walking through the damaged guards. (Lenz Dep. 72:25-73:15).

Lenz checked his cattle on the morning of the accident, and observed in the process that one of the two pasture gates was closed. He did not, however, observe whether the second or west gate was closed or drive to check it because of construction in the area. There is no evidence in the summary judgment record, however, that this construction prevented Lenz from accessing or viewing the west gate from some other direction or vantage point. Lenz was able to access the west gate after the accident and reported that both it and the east gate were open at that time.

There is also evidence in the summary judgment record that Lenz's cattle were out of their pasture most of the day before the accident and that the USAF had tried but been unable to reach the cattle's owner. This evidence consists of unsworn statements by Monteith's relatives that USAF personnel told them this at the accident scene. It is disputed whether the USAF had Lenz's current phone number and could have reached him by phone that day. Lenz was informed of the accident by Monteith's son-in-law, who recognized the brand on his cattle and was able to track Lenz down at his brother's house.

## Discussion

I.  Negligence Claim

In order to prevail on her negligence claim against Lenz, Monteith must prove by a preponderance of the evidence: (1) the existence of a legal duty owed by Lenz to Monteith; (2) breach of that duty by Lenz; (3) injury to Monteith; and (4) a sufficient

4

causal relationship between Lenz's breach and Monteith's injuries. *Connes v. Molalla Transp. Sys., Inc.,* 831 P.2d 1316, 1320 (Colo. 1992).

With respect to the first element, the occupier of land generally owes a duty of reasonable care to prevent activities and conditions on his land from injuring persons or property outside his land. *Moore v. Standard Paint & Glass Co.*, 358 P.2d 33, 36 (Colo. 1960). The Colorado Court of Appeals has recognized negligence claims against livestock owners whose animals escape and cause accidents on the highway. *Millard v. Smith*, 495 P.2d 234, 235-36 (Colo. Ct. App. 1972); *Barnes v. Frank*, 472 P.2d 745, 746-47 (Colo. Ct. App. 1970). Accordingly, under this authority, Monteith bears the burden of proving that Lenz by some acts or omissions breached his duty of using reasonable care to prevent his animals from escaping and causing harm, and that this breach caused Monteith's injuries.

Lenz asserts he is entitled to summary judgment on this claim because Monteith cannot prove that he failed to use reasonable care in confining his cattle in the leased pasture land and thus cannot prove a breach of his duty of reasonable care or that the accident was caused in whole or in part by a breach of this duty. As support for this contention, Lenz alleges Monteith cannot produce evidence that he acted unreasonably, and also affirms that the reasonableness of his actions is established by his undisputed practice of checking on his livestock daily and maintaining his interior fences.

The issue here is not whether Lenz acted reasonably or unreasonably in confining his cattle as a general practice, but whether he failed to use reasonable care in confining

5

the cows that were the cause of the accident that injured Monteith. It is undisputed that Lenz knew that cattle had escaped from his pastures because of gates that had been left open, yet failed to check at least one of the pasture gates when he visited the pasture on the morning of the accident. It is also undisputed that Lenz found the gate open when he drove the other escaped cattle back to the pasture after the accident. Viewing this evidence in the light most favorable to Monteith, a rational juror could find that Lenz violated his duty of reasonable care when he failed to check that all of the pasture gates were closed on the morning of the accident.

Monteith's other evidence in support of Lenz's alleged breach of his duty of reasonable care are statements by unidentified USAF personnel regarding their inability to contact Lenz before the accident to inform him that his cattle had escaped confinement. At this point, these statements, reported by Monteith's relatives, appear to be inadmissible hearsay that may not be considered here. *See Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir. 1998) ("While the party opposing summary judgment need not produce evidence in a form that would be admissible at trial, . . . the content or substance of the evidence must be admissible"; internal quotation omitted). However, as Monteith points out, Lenz filed his summary motion months before the end of the discovery period and before deposition of any USAF personnel. Discovery may well produce additional, admissible evidence supporting Monteith's negligence claim, or, conversely, evidence of other factual circumstances sufficient to defeat her claim that Lenz failed to exercise reasonable care. Nonetheless, under the evidence presented to

date, a genuine issue of fact exists as to whether Lenz met his duty of using reasonable care to prevent his animals from escaping and causing harm. Accordingly, Lenz is not entitled to summary judgment on Monteith's negligence claim.

II.     Liability under the Premises Liability Act

Lenz asserts summary judgment must be entered against Monteith's premises liability claim because it is undisputed that the accident occurred on the public highway, not Lenz's leased property, with the result that liability cannot be asserted under Colorado's Premises Liability Act, Colo. Rev. Stat. § 13-21-115 *et seq.* ("Act"). Monteith, on the other hand, interprets the Act as extending premises liability to injuries sustained off a defendant's property so long as the condition or activities that caused the accident occurred on the defendant's property.

The Premise Liability Act provides as relevant here:

> In any civil action brought against a landowner by a person who alleges injury *occurring while on the real property of another* and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection (3) of this section.

C.R.S. § 13-21-115 (2007) (emphasis added). Under the plain language of the statute, therefore, a landowner is liable under the act when: (1) the injury occurs on the real property of another; and (2) the injury occurred by reason of conditions, activities or circumstances occurring on that particular property. *See id.*

Monteith parses the statute differently, arguing that it actually imposes liability in the disjunctive for: "[1] injury occurring while on the real property of another and by

7

reason of the condition of such property, or [2] activities conducted or circumstances existing on such property." Construing "activities conducted and circumstances existing on such property" as a separate clause, however, contravenes the ablative of the prepositional phrase "by reason of" and is therefore inconsistent with the plain language of the statute.

Monteith's proposed construction of the Premises Liability Act is also contrary to the Colorado Supreme Court's discussion of the statute in *Vigil v. Franklin*, 103 P.3d 322 (Colo. 2004). In *Vigil*, the Court considered whether the Act preempted common law defenses to landowner duties. *Id.* at 327. The Court began its analysis by declaring that the legislative purpose of the Act was "to establish a comprehensive and exclusive specification of the duties landowners owe to those injured *on their properties.*" *Id.* at 328 (emphasis added). In the course of holding that the Act preempted the common law duties of landowners to these injured parties and common law defenses to liability,[2] *id.* at 329-31, the court distinguished cases stating the common law rule that property owners owe no duty to pedestrians to keep the sidewalks abutting their property reasonably clear of snow and ice. *Id.* at 329 n.12. The basis of the court's distinction is instructive here: the premises liability statute, if in effect at the time of these cases, "would have been inapplicable [to injuries caused by the slippery sidewalks] because the

---

[2] The court also affirmed that the Premises Liability Act, if applicable, is the exclusive remedy available for injured parties against landowners. *Vigil*, 103 P.3d at 329. As a result, if the Premises Liability Act applied here, it would presumably preempt Monteith's negligence claim against Lenz.

8

plaintiff was not injured 'while on the real property of' the landowner defendant, but on a publicly owned sidewalk." *Id.* This analysis supports the conclusion that the Premises Liability Act, contrary to Monteith's assertion, does not apply to injuries occurring off the defendant's property.

Monteith's reliance on Instruction 12:4A of the Colorado Jury Instructions to support her construction of the Act is also misplaced. This instruction, now enumerated as 12:7, does indeed describe the duty of a landowner to persons injured off the property as a result of conditions or activities conducted on his property, but the authority for the instruction is the common law, not the Premises Liability Act. Colo. Jury Instructions–Civ. 12:7 (2008) (citing *Mile High Fence Co. v. Radovich*, 489 P.2d 308, 314 (Colo. 1971), as the source and authority for this instruction). The Premises Liability Act, meanwhile, is identified as the source and authority for a number of other standard Colorado jury instructions, all of which relate to liability for injuries occurring on the defendant's property. Colo. Jury Instructions–Civ. 12:1 to 12:4 (2008). Thus, rather than supporting Monteith's contention that the Act applies to injuries suffered off the defendant's property, Instruction 12:7 and the other cited instructions demonstrate just the opposite.

It is undisputed that Monteith's injuries were sustained on a public highway and not on property owned or occupied by Lenz. As a result, Lenz is entitled to summary judgment on Monteith's claim under the Premises Liability Act.

## Conclusion

For the reasons stated above, I DENY Lenz's motion for summary judgment in part and GRANT it in part. Lenz's motion is denied with respect to Monteith's First Claim for Relief (negligence), but is granted with respect to Monteith's Second Claim for Relief (negligence per se) and Third Claim for Relief (Premises Liability Act). Summary judgment shall be entered for Lenz only and against Monteith on Monteith's Second and Third Claims for Relief.

Dated this 9th day of June, 2008.

s/John L. Kane
John L. Kane, Senior District Judge
United States District Court
